IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | | |
|---|---|---|
| MICHAEL DESHAUN WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 622-048 |
| | ) | |
| FREDERICK CARVER; TRANE | ) | |
| TECHNOLOGIES COMPANY LLC; and | ) | |
| INGERSOLL RAND INC/PLC, | ) | |
| | ) | |
| Defendants. | ) | |

---

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

---

Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP") in the above-captioned case. Because he is proceeding IFP, Plaintiff's amended complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984).

**I.     SCREENING THE AMENDED COMPLAINT**

**A.     BACKGROUND**

Plaintiff names as Defendants (1) Frederick Carver, a maintenance supervisor at Trane Technologies; (2) Trane Technologies Company LLC; and (3) Ingersoll Rand Inc./PLC. (Doc. no. 3, pp. 1-3.) Plaintiff is a Georgia resident and lists a Georgia address for Defendant Carver and North Carolina addresses for Defendants Trane Technologies Company and Ingersoll Rand. (Id.) Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

Plaintiff worked as a part-time employee for Defendant Trane Technologies Company in Vidalia, Georgia.  (Id. at 4.)  On March 12, 2020, Defendant Carver told Plaintiff he would hire him permanently at $18.00 per hour in three weeks.  (Id.)  However, three weeks later, Plaintiff was not made a permanent employee.  Plaintiff claims Defendant Carver breached an implied contract to hire him on a permanent basis but states there were no witnesses to their agreement.  (Id.)  As a result of not being hired permanently, Plaintiff has been denied holiday bonuses, future promotions, social benefits of permanent employment, and participation in the Trane grant program and the "Be Well" program.  (Id.)  Plaintiff requests over $9 billion in damages paid in cryptocurrency as well as all of Defendant Ingersoll Rand's stock, subsidiaries, and intellectual property.  (Id. at 5.)

**B.      DISCUSSION**

**1.      Legal Standard for Screening**

The amended complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief.  See 28 U.S.C. § 1915(e)(2)(B).  A claim is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)."  Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the amended complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. The amended complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the amended complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that the court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2.   Federal Subject Matter Jurisdiction

"[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001). Federal courts must always dismiss cases upon determining that they lack subject matter jurisdiction, regardless of the stage of the proceedings. Goodman *ex rel*. Goodman v. Sipos, 259 F.3d 1327,

1331 n.6 (11th Cir. 2001).  To invoke the jurisdiction of the Court, a plaintiff must properly "allege the jurisdictional facts, according to the nature of the case."  McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 182 (1936).

"A federal district court must have at least one of three types of subject matter jurisdiction:  (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).  Under 28 U.S.C. § 1332, diversity jurisdiction exists where the suit is between citizens of different states and the amount in controversy exceeds $75,000.  The party asserting jurisdiction has the burden of establishing that their cause lies within this limited grant of jurisdiction.  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).

The amended complaint is devoid of any federal claim or cause of action and appears instead to be an attempt to bring a state law breach of contract claim of which there is no federal jurisdiction.  Though Plaintiff filed this suit using a form complaint for violations of civil rights, (doc. no. 4, p. 1), Plaintiff fails to identify any federal claim or cause of action.  He solely asserts a state law claim for breach of contract between Defendant Carver and himself.

Nor has Plaintiff plead the facts necessary for diversity jurisdiction.  While a federal court could have diversity jurisdiction over a state law breach of contract claim, Plaintiff fails to allege any facts sufficient to establish such jurisdiction as it appears at least one Defendant, Defendant Carver, is a citizen of Georgia the same as Plaintiff.  Plaintiff also has not proven the amount in controversy exceeds $75,000.  "A plaintiff satisfies the amount in controversy requirement by claiming a sufficient sum in good faith," and the Court finds Plaintiff's claim for billions in damages is not made in good faith.  Federated Mut. Ins. Co. v. McKinnon

Motors, LLC, 329 F.3d 805, 807 (11th Cir. 2003).  In fact, Plaintiff has recently had a complaint dismissed as frivolous in the United States District Court for Northern District of Georgia partly because of a similar request for billions of dollars in cryptocurrency.  See Williams v. Encompass Health Rehabilitation Hospital of Newnan, No. 3:22-cv-110-TCB, doc. no. 4 (N.D. Ga. June 24, 2022).  The Court need not make such a determination here however: as Plaintiff has failed to plead any facts demonstrating he is entitled to invoke the jurisdiction of the federal courts, his amended complaint is subject to dismissal.

## II.   CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** and this civil action be **CLOSED**.

SO REPORTED AND RECOMMENDED this 13th day of July, 2022, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA